## THE ELLIS.

## THE GALICIA.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1907. Rehearing Denied May 20, 1907.)

No. 1,599.

COLLISION—STEAM VESSELS MEETING—VIOLATION OF SIGNAL RULES.

Two steamships meeting in the Mississippi both *held* in fault for a collision, the descending vessel for giving the first passing signal contrary to the statutory rule, and after it had been accepted in giving a contrary signal, intended for another vessel astern of the first, but which was mistaken by the latter and acted on, directly contributing to the collision, the ascending vessel for so mistaking the second signal and acting on it, instead of sounding a danger signal and stopping until the signals were fully understood.

[Ed. Note.—Signals of meeting vessels, see note to The New York, 30 C. C. A. 630.]

Appeal and Cross-Appeal from District Court of the United States for the Eastern District of Louisiana.

J. D. Rouse and Wm. Grant, for appellant.
Edgar H. Farrar, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges

PER CURIAM. The collision in this case resulted from a confusion and misunderstanding of signals. The first signal was given by the descending steamer Ellis, and was in violation of the letter of statutory rule 1 governing pilots on western rivers, which provides, among other things, that the pilot of the ascending steamer shall be the first to indicate the side on which he desires to pass, and that the descending steamer is entitled to the right of way. This violation, however, did not directly contribute to the collision, because it was fully understood and accepted by the ascending steamer Galicia. The second signal of two blasts given by the Ellis and intended for the ascending transfer steamer, then somewhere astern of the Galicia, was also in violation of the said rule, and led directly to the collision, for the Galicia misunderstood it, and changed her course so as to run directly across the course intended and maintained by the Ellis, rendering a collision extremely probable, if not inevitable. At the time this signal was given by the Ellis, the transfer steamer for which it was intended, if outside of its slip at all and in the river, was over 1,200 yards distant from the Ellis, and therefore such signal was premature, even if under a fair construction of rule 1 the descending steamer may signal when the ascending steamer has failed to signal, and the vessels have come near to or within the 800-yard limit. If the rule had been followed and the transfer steamer astern of the Galicia had signaled for passing by one or two blasts of its steam whistle, the Galicia, although having no special lookout astern, would have been charged with knowledge that the two blasts signals from the Ellis were in answer to and intended for another steamer, and no confusion would have resulted, except at the sole fault of the Galicia. The actual violation at the time of the collision of a statutory rule intended to prevent collisions is presumably a fault, and, if not the sole cause of the collision, at least a contributory cause. The Pennsylvania, 19 Wall. (U. S.) 136, 22 L. Ed. 148. When, after the passing signals had been given and accepted between the Ellis and the Galicia, the Ellis followed after more or less interval with a two blast signal, the Galicia should have taken it as intended for some steamer astern, but, if understanding it as intended to change the course of passing already arranged betwen the two steamers, the Galicia should have sounded the danger signal, stopped her engines, and backed if the vessels were in close proximity until the passing signals were fully understood. The Galicia did neither. She accepted the signals as intended for herself, and so changed her course as to make the collision next to certain. In this we are clear that she was in fault.

The judge of the District Court found that the faults of the Ellis

were the main causes of the collision; also, that the steamer Galicia contributed to the accident by her fault, and by the use of reasonable care and prudence she could have avoided the injury. There is much conflict in the evidence as to whether the transfer steamer was really in the river and as to the conduct of the Galicia in stopping and reversing after the danger signals were given; but, as we view the case, we are not called on to reconcile the evidence or further pass on the points involved.

We concur with the District Court in finding both vessels in fault, and the decree appealed from is affirmed. The costs of appeal and cross-appeal, including the transcript, to be divided equally between appellant and cross-appellant.